UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD C. MURPHY, : <br> : <br> Petitioner, :     Civ. No. 21-8162 (JKS) <br> : <br> v. : <br> :     **MEMORANDUM AND ORDER** <br> UNITED STATES OF AMERICA, : <br> : <br> Respondent. : <br> : | |

Petitioner Richard C. Murphy, an inmate at FCI Marianna in Florida, moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. DE 4-1.[1] He challenges his 2018 conviction for one count of producing child pornography on the following grounds: lack of personal jurisdiction (Ground One), actual innocence (Ground Two), ineffective assistance of trial counsel (Ground Three), and ineffective assistance of appellate counsel (Ground Four). *Id.* at 6–11, 19–32. The Government responded in August 2021 (DE 10), and Petitioner replied in October 2021 and February 2022 (DE 12, 20). In January 2022, Petitioner filed a motion to compel his former trial and appellate counsel to provide an affidavit responding to questions posed by Petitioner (DE 17); and in June 2022 Petitioner filed a motion for the status of his

---

[1] Petitioner did not prepare his original motion using the proper form. DE 1. Thus, the Court (Hon. John Michael Vazquez, presiding) administratively terminated the action and directed Petitioner to file an amended motion using the proper form. DE 2. Petitioner did so, but filed it as an attachment to his motion to reopen the case, and it was docketed as such at entry number 4-1. This is the operative motion. The Court directed the Clerk to create a new docket entry for the amended motion, and to label it "Amended Motion to Vacate, Set Aside or Correct Sentence (2255) In Re to Criminal Case file 18-349 (JMV)." DE 6. This was not done. The Government thereafter filed a letter brief in response to petitioner's original motion. DE 10. Because Petitioner filed an identical copy of the original motion in support of his amended motion (compare DE 1 at 2–16 with DE 4-1 at 18–32), and the substance of those motions is the same, the Court will not require the Government to file another response directed to the amended motion. Further, to avoid confusion going forward, the Court will direct the Clerk to copy Petitioner's amended § 2255 motion and attached exhibits (DE 4, at 2–54), and create a new docket entry for it.

request for an evidentiary hearing (DE 22). The matter was reassigned to the undersigned in December 2023.

Upon a review of the parties' submissions, the Court has determined that the existing record does not provide sufficient information to evaluate Petitioner's allegations; accordingly, the Government is directed to provide the Court with copies of the following: (1) the pre-sentencing report ("PSR") submitted to Judge Vazquez in the underlying criminal matter, *United States v. Murphy*, Crim. No. 18-349 (D.N.J.); (2) the parties' sentencing submissions submitted to Judge Vazquez in the underlying criminal matter; and (3) any agreements covering the proffer sessions on January 9, 2018, and February 13, 2018, that are the subject of one of Petitioner's ineffective assistance of trial counsel allegations. See DE 10 at 1-3, 8 (Government response brief citing the PSR and referring to Petitioner's sentencing submission); DE 4-1 at 30 (Petitioner's amended motion to vacate alleges that (1) he was "required" to attend "two proffer meetings (1/9/2018 and 2/13/2018)" where he was "force[d] . . . to provide evidence," and (2) trial counsel "forced" him to attend the second proffer session by threatening to withdraw if petitioner did not agree to attend); *see also* Rule 7(a) of the Rules Governing Section 2255 Proceedings ("[T]he judge may direct the parties to expand the record by submitting additional materials relating to the motion.").

Petitioner's motions for an order compelling his former counsel to provide an affidavit (DE 17) and for the status of his request for an evidentiary hearing (DE 22) will be denied without prejudice. The Court will review the documents requested from the Government upon receipt, and in due course will determine (1) whether good cause exists to compel Petitioner's former counsel to respond to Petitioner's questions, *see* Rule 6(a) of the Rules Governing Section 2255 Proceedings ("A judge may, for good cause, authorize a party to conduct discovery

under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law."), and (2) whether Petitioner's allegations are sufficient to warrant an evidentiary hearing, *see* Rule 8(a) of the Rules Governing Section 2255 Proceedings ("If the motion is not dismissed, the judge must review the answer, any transcripts and records of prior proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted"). *See Price v. United States*, No. 21-cr-32, 2023 WL 8370107, at *5 (D. Del. Dec. 4, 2023) ("It is well-settled that district courts retain 'substantial discretion in the conduct of [§§ 2254 and 2255 cases],' and 'may decide to order expansion of the record to facilitate a disposition on the merits without the need for an evidentiary hearing.'") (quoting *Lonchar v. Thomas*, 517 U.S. 314, 326 (1996)).

IT IS, therefore, on this 11th day of March, 2024,

**ORDERED** that the Clerk of the Court shall copy Petitioner's amended § 2255 motion and attached exhibits, (DE 4, at 2–54), and create a new docket entry labeled "Amended Motion to Vacate, Set Aside or Correct Sentence (2255)"; and it is further

**ORDERED** that, within 21 days of the date of this Memorandum and Order, the Government shall provide the Court with the following documents:

(1) the PSR provided to Judge Vazquez in *United States v. Murphy*, Crim. No. 18-349, which the Government cites in its August 2021 letter brief (*see* DE 10 at 1-3, 8);

(2) the sentencing materials Petitioner and the Government provided to Judge Vazquez in Crim. No. 18-349 (*see* DE 10 at 3 (August 2021 letter brief referring to Petitioner's sentencing submission); Crim. No. 18-349, DE 20, 21 (indicating the sentencing materials were submitted in October and November of 2018); and

(3) any agreements covering the proffer sessions that took place on January 9, 2018, and February 13, 2018, that is the subject of Petitioner's allegations that he was forced to attend the sessions and that his counsel threatened to withdraw if he did not attend the second session (*see* DE 4-1 at 30);

and it is further

**ORDERED** that, within 21 days of the date of this Memorandum and Order, the Court will accept additional arguments from the Government addressing Petitioner's ineffective assistance of counsel claim, particularly with respect to whether Petitioner has demonstrated prejudice as a result of his former counsel's alleged deficient performance; and it is further

**ORDERED** that Petitioner may respond to the Government's submission within 21 days of receiving it; and it is further

**ORDERED** that the Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** this matter for docket management purposes pending receipt of the additional submissions; the Court will direct the Clerk to reopen this matter once the record is complete; it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum and Order upon Petitioner by regular U.S. mail.

_____
Jamel K. Semper, U.S.D.J.